Totten, J.,
delivered the opinion of the Court.
The case is a presentment in the circuit court of Jefferson, for the unlawful retailing of spirituous liquors. The defendant pleaded in bar, a former conviction for the same offence, before Justice Alderson of said county — the proceeding being under the “ act for the punishment of small offences,” passed January 10, 1848. To this plea the Attorney for the State replied, and the defendant having demurred to the replication, the court rendered judgment thereon, sustaining the demurrer, but there is no judgment final “ that the defendant go hence,” &c. The case comes to this court by the appeal of the State, in the nature of a writ of error.
It appears by the pleadings, which are in themselves formal, that the presentment was found on the testimony of Stephen Scarlett: — that on the 22d August, 1849, he was summoned to appear before the grand jury to give evidence before them in that behalf; but that, on the next day, before his appearance before the grand jury, the said witness procured a warrant to be issued by Justice Alderson against defendant, for the same offence, on which the defendant, being brought before the Justice, pleaded guilty, and the evidence being heard, was fined two dollars, by the judgment of said Justice. After this judgment, but on the same day, the witness Scarlett appeared before the grand jury, and on his evidence the presentment was found. In view of these facts, we cannot but concur in the averment of the replication, that this proceeding before the Justice was in fraud of the law and in contempt of the court.
For, what is the case? Pending the inquiry before the grand jury, with a view to present the offence, their witness, to favor the accused and to screen him from an impending presentment in the" circuit court, causes him to be brought before another forum, where, in a summary proceeding, he *36 instantly receives judgment for a nominal fine. A judgment that is rendered, not for his punishment, but for his benefit, to enable him to evade or plead in bar, to any further action in the circuit court. Certainly we do not regard this initiatory proceeding before the grand jury as, in a legal and technical sense, the commencement of a prosecution: — that would be by the pending of the presentment and returning it into court. But, nevertheless, we cannot wholly disregard it, without permitting, in cases like the present, an injurious conflict of jurisdiction and a perversion of the public justice.
The proceeding before the Justice, instituted by the witness as a pretended prosecutor, with the probable collusion of the defendant was in bad faith — -was intended to favor the accused and not to punish him for his offence — and was in its circumstances, a fraud upon the jurisdiction of the circuit court. Such a case cannot form the matter of a good plea of autre-fois convict.
The judgment will be reversed and the cause remanded, for further proceeding.